ORDER GOVERNING FINAL PRETRIAL CONFERENCE

**Generally**

A defendant may waive his or her presence at the telephonic final pretrial conference held by the magistrate judge. It is not necessary that the attorney actually trying the case attend the final pretrial conference, but trial counsel are bound by representations and decisions made at the conference in their absence.

All trial counsel and all defendants must appear personally at the final hearing held by the assigned district judge.

Failure timely to file documents or raise issues addressed in this order may constitute waiver at the court's discretion.

**Voir Dire Questions and Jury Instructions**

At the telephonic final pretrial conference, the court's goal is to finalize the voir dire questions and to create a set of legally accurate jury instructions that contains every instruction the court might need at trial (with the possible exception of a theory of defense instruction). Toward this end, the court will circulate voir dire questions and a packet of jury instructions prior to the parties' submission deadline for the final pretrial conference. These are the drafts from which we will work at the final pretrial conference.

Pursuant to Fed. R. Crim. P. 30 and not later than the submission deadline, the parties must submit any proposed additions, deletions, or edits to the court's drafts. Each proposed edit to or deletion of a court draft voir dire question must be set forth in a separate paragraph and must cite by number the question at issue. Each proposed new question must be set forth in a separate paragraph and numbered for ease of reference.

Each proposed edit or deletion of a court draft jury instruction must be set forth in a separate paragraph and must cite by page number to the court's draft. Each proposed new jury instruction must be set forth in a separately numbered paragraph. When applicable, a party must provide adequate citation to any legal authority for any proposed edit, deletion or addition of a jury instruction.

Although a defendant is not required to reveal a theory of defense instruction prior to the close of the government's case in chief, it is helpful and efficient to discuss such instructions at the final pretrial conference when possible. Therefore, the court encourages defendants to provide draft theory of defense instructions for consideration at the final pretrial conference. If a defendant is not willing to do this, then the court asks that the defendant submit his or her theory of defense instruction to the court ex parte for in camera review prior to trial.

### Motions in Limine and Notice of Intent to Offer Evidence

Although the trial judge will make final decisions on motions in limine and other evidentiary issues, all such issues must be raised at the telephonic final pretrial conference with the magistrate judge for preliminary review and discussion.

The parties must file and serve any and all motions in limine not later than the submission deadline for the final pretrial conference. A party may file all its motions in limine in one captioned document, but each motion must be separately numbered. When necessary, a party must provide adequate citation to any legal authority supporting a motion in limine.

Not later than the submission deadline for the final pretrial conference, the government must file any notice of intent to offer the following types of evidence at trial: (1) Prior felony convictions offered for any purpose; (2) Any Fed. R. Evid. 404(b) evidence; (3) Any statement by a defendant offered under Fed. R. Evid. 801(d)(2)(C)-(E); and (4) Any other evidence of which the government is aware and which it intends to offer pursuant to Fed. R. Evid. 804–807. Notice must be provided in a captioned document docketed with the court.

Although a defendant is not required to reveal defense evidence of this sort, it is helpful and efficient to discuss such evidence at the final pretrial conference whenever possible. Therefore, the court encourages defendants to provide such notice for consideration at the final pretrial conference. If a defendant is not willing to do this, then the court asks that the defendant submit such notice to the court ex parte for in camera review prior to trial.

### Audiovisual Evidence

Not later than two weeks before the telephonic final pretrial conference, the government shall serve on all defendants written notice of its intent to introduce at trial audio or visual recordings. This notice shall identify with particularity those portions of the recordings that

the government intends to introduce. The government simultaneously shall provide transcripts of the recordings in final or almost-final form.

Not later than one week before the final pretrial conference, a defendant must notify the government whether he or she objects to the admissibility of the recording(s) or any portion thereof, whether he or she disputes any part of the government's transcription, and provide sufficiently particular bases for any such objections or disputes. If the parties cannot promptly resolve their differences, then not later than the submission deadline for the final pretrial conference the defendant must file and serve a motion in limine objecting to recordings and transcripts.

### Submission of Witness and Evidence Lists

Not later than one week before the final hearing, each party shall submit ex parte and under seal its list of expected trial witnesses and its list of expected trial exhibits, along with an electronic copy of each pre-marked exhibit per Administrative Order 434. Exhibit list forms are available from the clerk of court.

If more than one defendant will be offering exhibits, then the exhibit number must identify the offering defendant by name or initials. In preparing exhibit lists, counsel must provide the exhibit number, the witness through whom the exhibit will be offered, and a brief description of the exhibit.

Not later than the morning of trial, prior to jury selection, each party shall submit a final list of trial witnesses and a final list of exhibits, maintaining the pre-marked numbers.

Each party shall maintain custody of its own exhibits throughout the trial and after the trial. Any exhibit referred to during trial becomes part of the record even if not offered or accepted into evidence. Following trial, counsel for each party promptly shall contact the clerk of court to arrange for the exhibits to be included in the appellate record.

### Witness Subpoenas and Writs for Indigent Defendants

If an indigent defendant intends to subpoena trial witnesses at government expense, then not later than 18 days before trial, he or she must file a motion under Fed. R. Crim. Pro. 17(b) naming each witness, providing a street address for service, and proffering why each requested witness is necessary for an adequate defense. The defendant must attach to the

motion a completed subpoena form for each witness. Blank subpoena forms are available on the court's web site or from the clerk of court.

If the requested witness is incarcerated, then defendant's Rule 17(b) request and subpoena form must be filed not later than 25 days before trial along with a motion for a writ of habeas corpus ad testificandum and a completed draft writ for the magistrate judge to sign.

If a defendant misses the deadline for filing a Rule 17(b) request or petition for a writ, then the court still will consider the request and issue subpoenas and writs if appropriate, but service of the subpoenas by the marshals service cannot be assured. Indigent defendants who have received authorization to use an investigator may have their investigator serve trial subpoenas.

Witness payment forms are available through the marshals service. Incarcerated witnesses are not eligible for witness fees.

## Last Minute Settlements and Emergencies

The attorneys in this case shall immediately notify the clerk of court if this case settles or if some other event occurs that jeopardizes the trial date. On the weekend before trial, the parties may reach Clerk of Court Joel Turner at (608) 354-8004. Failure promptly to notify the clerk without good cause may result in jury costs being assessed against counsel.

## Unsealing Confidential Documents

In most cases it is substantively unnecessary and administratively burdensome for the court to maintain the confidentiality of sealed documents following the conclusion of a criminal case. Therefore, the clerk of court shall unseal all sealed documents in this case, including transcripts of *ex parte* hearings, following entry of judgment by the district court.

A document may remain under seal after judgment only if a party makes an adequately supported written request that it remain sealed. Such requests must be filed prior to the entry of judgment. The burden is on the party seeking continued confidentiality to make a timely request that persuades the court.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: STANDING ORDER GOVERNING THE USE AND SUBMISSION OF ELECTRONIC EVIDENCE | ADMINISTRATIVE ORDER 434 |

1. A party may submit electronic evidence to the court by sharing the evidence with the court via Box for Federal Government — the preferred method — or by submitting the evidence on a flash drive. Box for Federal Government is a secure service offered by the court as an alternative to digital storage devices. Box for Federal Government can be used to submit documents, spreadsheets, video files, and other kinds of evidence that cannot be filed in CM/ECF. Questions about Box for Federal Government should be directed to the clerk's office.

2. Each party shall submit a complete set of its pre-marked trial exhibits at least one week before the final hearing in a criminal case or the final pretrial conference in a civil case. A party that uses Box for Federal Government will have "view/upload" rights to its own folder. Only court users may delete files or view or alter the contents of another party's folder.

3. Electronic evidence must be submitted in one of the following formats: .pdf, .jpg, .bmp, .tif, .gif, .avi, .wmv, .wma, .wav, .mpg, .mp3, .mp4 or .3gpp. **Zip files and other multi-file archives are specifically prohibited.**

4. The size of individual files shall not exceed 1 gigabyte.

5. Trial exhibits must follow a specific naming convention. A party may be required to resubmit trial exhibits that are not named as follows:

    Case Number_Party Role_Party_Name_Exhibit Number.
    For example:  23-cv-123_Defendant_ABC Insurance Company_Exhibit 501

6. Before closing arguments in a jury trial, each party must collect any evidence that it intends to submit to the jury, including electronic evidence, and must provide that evidence to the courtroom deputy. Electronic evidence file names must correspond unambiguously with exhibit numbers used during the trial. Electronic storage devices shall contain only evidence that has been approved for the jury and shall not contain any other files or information.

7. Any request for relief from this order must be presented in a timely motion in limine.

Entered: July 30, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
Chief District Judge